(October 20, 1969)

■ In the Matter of the Claim of IDA DEUTSCH, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— HERLIHY, P. J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, filed April 8, 1965, which sustained the determinations of the respondent that the claimant was ineligible to receive benefits for periods during the years 1962, 1963 and that an overpayment of $2,200 in benefits was recoverable, and further imposed a penalty because of willfully made false statements to obtain benefits. The claimant was the owner of a hotel which she leased to a corporation solely owned by her brother and his wife. The corporation operated the hotel business upon the premises and as a rental the corporation was responsible for the complete maintenance of the hotel building and the land connected therewith. The business of the hotel was seasonal and restricted to the summer season of June through September. The claimant was carried on the books of the corporation as an employee and apparently performed the function of hotel manager. It further appears that from the 1930's until the date of the hearing the hotel business had been primarily operated as a family enterprise even though there was a separate ownership of the hotel business operated by the corporation and the ownership of the land and buildings by the claimant. The board found that despite the existence of the employer corporation, the hotel business remained a family enterprise and that the claimant was concerned with the management of the business throughout the year and, accordingly, was not totally unemployed. There is substantial evidence to support the finding of the board. (See *Matter of Wersba* [*Catherwood*], 27 A D 2d 890; *Matter of Weiss* [*Catherwood*], 28 A D 2d 577; *Matter of Vasquenz* [*Catherwood*], 26 A D 2d 859.) Where an overpayment results from a claimant's willful misrepresentations to obtain benefits, the benefit may be recovered even though more than one year has expired. (See Labor Law, § 594; *Matter of Marder* [*Catherwood*], 16 A D 2d 303, 305.) Upon the present record the board has found that the claimant had a duty to advise the insurance office as to the relationship between herself and the hotel business (employer) when she applied for benefits. The forms which the claimant made out in applying for benefits clearly require a disclosure as to self-employ-

580

ment. The record contains various summaries of interviews signed by the claimant which contain statements by her that would not be true, as admitted by the claimant upon the hearings. The claimant denied having made these statements as signed by her, but it was a question for the board as to whether or not she had made such statements. The present record sustains the finding of the board that the statements made by the claimant were designed to mislead the respondent and constituted willful misrepresentation for the purpose of obtaining benefits, which were paid, and are recoverable. Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Herlihy, P. J.